UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Magistrate Docket No. **08 MJ 1921** |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR VIOLATION OF: |
| v. | ) | |
| | ) | Title 8, U.S.C., Section 1326 |
| **Saul CASTELLON-Carrillo,** | ) | Deported Alien Found in the |
| | ) | United States |
| Defendant | ) | |

The undersigned complainant, being duly sworn, states:

On or about **June 20, 2008** within the Southern District of California, defendant, **Saul CASTELLON-Carrillo,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 23rd DAY OF JUNE, 2008

Louisa S. Porter
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Saul CASTELLON-Carrillo

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On June 20, 2008, Supervisory Border Patrol Agent D. Reid was performing line watch duties in the Imperial Beach Border Patrol Station area of operations with Supervisory Border Patrol Agent R. Espino. At approximately 5:00 a.m., Agent Espino observed foot prints leading into an area known as the "Old 169 Trail". This area is located approximately 300 yards north of the United States/Mexico International Boundary Fence and two miles west of the San Ysidro, California Port of Entry. This area is commonly used by undocumented aliens attempting to further their illegal entry into the United States.

Agent Espino followed the foot prints until he observed a large group directly north of him. Agent Espino observed a large group of individuals close together and then another individual approximately 20 yards north standing up surveying the area. Agent Espino relayed to Agent Reid via service radio of the individual farthest north. Agent Reid positioned himself directly north of the individual. Agent Espino then observed the lead individual motioning to the rest of the group to get down. Agent Espino identified himself as a United States Border Patrol Agent in both the English and Spanish language and began to perform an immigration inspection. Each of the eleven subjects, including one later identified as the defendant **Saul CASTELLANO-Carrillo**, freely admitted to being citizens and nationals of Mexico not in possession of any immigration documents which would allow them to enter or remain in the United States legally. At 5:30 a.m., Agent Espino placed the defendant under arrest. Each of the subjects including the defendant was transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on March 3, 2008** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States. The defendant further admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally.

**Executed on June 21, 2008 at 9:00 a.m.**

Carlos R. Chavez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **June 20, 2008**, in violation of Title 8, United States Code, and Section 1326.

Louisa S. Porter
United States Magistrate Judge

Date/Time 6/21/08 11:30 AM